# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL H. O'KEEFE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-4377** |
| **UNITED STATES OF AMERICA, ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss (Doc. #12) is **GRANTED**, and plaintiff's claims are **DISMISSED**.

## BACKGROUND

This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction filed by defendants, the United States of America and the United States Department of Justice.

Plaintiff, Michael H. O'Keefe, filed this action alleging claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, for false imprisonment arising out of his criminal prosecution and conviction in this court. In 1995, the Grand Jury in the Eastern District of Louisiana indicted O'Keefe and others for conspiracy, mail fraud, wire fraud and money laundering. United States v. Michael O'Keefe, Sr., et al., Criminal Action No. 95-106. Following a two-week trial in 1996, a jury found O'Keefe guilty of conspiracy to commit mail and wire fraud, two counts of wire fraud, three counts of mail fraud, and ten counts of money laundering. This court sentenced O'Keefe to serve 235 months in the custody of the Bureau of Prisons. The United States Court of Appeals for the Fifth Circuit affirmed. O'Keefe alleges that the Department of Justice improperly failed to release him when the Supreme Court of the United States issued a decision in United States v. Santos, 553 U.S. 507 (2008), which O'Keefe argues invalidated his money laundering conviction.

The United States and the Department of Justice filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure. The defendants argue that this court lacks subject matter jurisdiction because O'Keefe failed to file an administrative claim with the Department of Justice, and a claim for false imprisonment is not cognizable under the FTCA. The defendants also argue that this court lacks subject matter jurisdiction over O'Keefe's unjust conviction clam, which can be brought only in the United States Court of Federal Claims.

**ANALYSIS**

**I.   Rule 12(b)(1) of the Federal Rules of Civil Procedure**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

**II.  Federal Tort Claims Act**

The defendants argue that this court lacks subject matter jurisdiction over O'Keefe's false imprisonment claim brought under the FTCA. As a sovereign, the United States "is immune from suit save as it consents to be sued[.]" United States v. Mitchell, 100 U.S. 1349, 1351 (1980). "The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions

2

against the federal government." Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016) (citing Willoughby v. United States ex rel. U.S. Dep't of the Army, 730 F.3d 476, 479 (5th Cir. 2013)). The FTCA excludes from its limited waiver of sovereign immunity claims against the government for false imprisonment. 28 U.S.C. § 2680(h). Because the FTCA clearly states that claims for false imprisonment are not included in the FTCA's limited waiver of sovereign immunity, this court lacks subject matter jurisdiction over such claims. The defendants' motion to dismiss O'Keefe's claim for false imprisonment brought under the FTCA is GRANTED, and that claims is DISMISSED.

**III.     Claims for Unjust Conviction and Imprisonment under 28 U.S.C. § 1495**

The defendants argue that this court also lacks subject matter jurisdiction over O'Keefe's claims for unjust conviction and imprisonment. Pursuant to 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." This court is the United States District Court for the Eastern District of Louisiana, not the United States Court of Federal Claims. Therefore, the defendant's motion to dismiss O'Keefe's claims for unjust conviction and imprisonment for lack of subject matter jurisdiction is GRANTED, and those claims are DISMISSED.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss (Doc. #12) is **GRANTED**, and plaintiff's claims are **DISMISSED**.

New Orleans, Louisiana, this 22nd day of August, 2018.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**